# Eddinger Estate

*James M. Potter*, for exceptants.

*Paul H. Edelman*, contra.

MUTH, P. J., April 2, 1963.—Elizabeth B. Eddinger, widow of Irvin J. Eddinger, and Rita Kemmerer, Eva Sell, James Eddinger, Marion Eddinger Spice and Helen Eddinger, children of Irvin J. Eddinger, deceased, have filed exceptions to the findings of fact and order of court, dated December 14, 1962, approving the sale of the business and a portion of the real estate of the decedent, to Francis Eddinger, one of the children of the decedent and the administrator of his estate, for the sum of $20,500. Elizabeth B. Eddinger, the widow of the decedent, has withdrawn her exceptions.

The exceptions filed are four in number and in substance pose the following questions:

1. Should the real estate that is to be sold include a portion of the shed located upon the said premises?

2. Did the court apply the incorrect test in determining whether the sale be approved?

3. Should the offer of $10,000 for the hardware store business of the decedent be approved?

Since Elizabeth B. Eddinger, widow of the decedent, has withdrawn her exceptions, and since it appears to

be unwise to allocate a portion of a building between two pieces of real estate, we conclude that the best interests of the estate of the decedent will be served by including the shed or garage, used in part for storage purposes, as part of the real estate to be sold to the petitioner.

The exceptants argue that the court approved the petition of Francis Eddinger on the basis of whether the offer was larger than could be obtained at a public auction. Actually, finding of fact "D" in our order of December 14, 1962, establishes that it would be economically unwise to sell the hardware business and the real estate appurtenant thereto at public auction. To avoid loss, private sale of the business and the real estate employed therein should be approved. In addition, finding "E" is to the effect that it is in the best interests of the estate of the decedent to sell the said business, including the building and ground appurtenant thereto at private sale as a going business. The test, it will be noted, is whether or not it is in the best interests of the estate to approve the sale upon the basis contained in the offer of the petitioner. Counsel for the exceptants calls to our attention Scheel's Estate, 43 Berks 143. It will appear that in that case the court failed to approve a private sale because it was of the opinion that an advisory opinion was asked for.

Section 546 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, provides, ". . . the personal representative, in his individual capacity, may bid for, purchase, take a mortgage on, lease, or take by exchange, real or personal property belonging to the estate, subject, however, to the approval of the court, and under such terms and conditions and after such reasonable notice to parties in interest as it shall direct."

It is pursuant to this statutory authority that the court is vested with the power to approve the sale of

real estate to a personal representative, provided the court is of the opinion and finds that such sale is in the best interests of the estate.

In addition, counsel for exceptants calls our attention to Apple's Estate, 31 D. & C. 445, and Biddle Estate, 1 Fiduc. Rep. 1, as authority for the provision that the proper test to determine whether or not the sale in this instance should be approved is whether or not the price offered is equal to the fair market value of the assets to be bought. The authorities cited, however, are as follows:

In Apple's Estate, supra, the executrix had authorized an agent to bid a certain sum for the real estate at public sale, without having received authority of the court to bid. The agent purchased the property at a lower figure and the executrix was surcharged for the difference between the lower figure and the sum originally authorized by the executrix.

In Biddle Estate, an executor was given first choice to buy real estate. The court in its opinion referred to section 546 of the Fiduciaries Act and entered a preliminary decree and set a hearing, giving notice to creditors and beneficiaries. In our opinion, neither of these authorities are controlling or even pertinent to the situation before us.

Furthermore, the exceptants, through their counsel, state that since the testimony shows that the business of the decedent earned a very small profit, there must be some other reason why the petitioner is willing to offer the sum above-mentioned for the business and real estate pertaining thereto. It is sufficient, however, to point out that there is nothing in the record before us to justify such a conclusion and, therefore, we are not inclined to accept suspicion and surmise in lieu of evidence.

We repeat that in our opinion the approval of the sale to Francis Eddinger, for $20,500, for the hardware

business and real estate appurtenant thereto, is in the best interests of the estate and the exceptions to our aforementioned order are hereby dismissed and the said order is made absolute April 2, 1963.